

# The Attorney General of Texas

July 20, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock. TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable F. H. (Bub) McDowell
President & Chief Executive Officer
East Texas State University
Commerce, Texas 75428

Opinion No. H- 1211

Re: Authority of East Texas State University to establish a system administration.

Dear President McDowell:

You ask several questions regarding the authority of the Regents of East Texas State University to establish a system administration. Senate Bill 598 enacted by the 65th Legislature is relevant to your questions. The bill provides in part:

> East Texas State University is a coeducational institution of higher education with its main campus located in the city of Commerce.

Educ. Code § 100.01. Another section of the bill provides in part:

> The organization, control, and management of the university is vested in a board of nine regents appointed by the governor with the advice and consent of the senate, but no regent may be a resident of the county in which the main campus is located, nor shall the Texarkana campus be organized to offer freshman or sophomore programs, and the metroplex commuter program may offer only those programs approved by the Coordinating Board, Texas College and University System and which are nonduplicative of programs offered in the Dallas educational area. The board of regents may establish different rules for the operation of the facilities and programs in each location. . . . The board has the powers and duties incident to its position and to the same extent as is conferred on the Board of Regents of Texas Woman's University.

Educ. Code § 100.11. The bill expressly stated that it did not authorize any new college, university, branch, or center. Acts 1977, 65th Leg., ch. 226, § 2,

at 617.    According to the bill analysis, it established in law the upper-level education center in Texarkana and the metroplex commuter program in Dallas, which were already operating under Coordinating Board approval. The bill confers on the Regents of East Texas State the powers incident to its position that are conferred on the Regents of the University of Texas. Educ. Code. SS 100.11, 107.41.

With this background in mind, we turn to your questions.    You first ask whether the University has authority to acquire a building in the Dallas/Fort Worth area for the commuter program center. You now lease a building for this purpose, and inquire whether you may buy this or another building.    You also ask whether you may acquire it through a lease-purchase agreement. The Board of Regents has authority under section 55.11 of the Education Code "to acquire, purchase . . . any property, buildings, . . . or other facilities, for and on behalf of its institution or institutions, or any branch or branches thereof." See Educ. Code SS 55.01, 61.003; Attorney General Opinions H-23 (1973); M-832 (1971).    Article 61.058 of the Education Code provides that the Coordinating Board shall

. . . .

> (5)    endorse, or delay until the next succeeding session of
> the legislature has the opportunity to approve or disapprove,
> the proposed purchase of any real property by an institution
> of higher education. . . .

East Texas State University is subject to this provision.    See Educ. Code, SS 61.003(3), (4), (7).    We believe that this provision requires the approval of the Coordinating Board or the Legislature before East Texas State may purchase the building. See Attorney General Opinions C-686, C-686A (1966).

A rider to the General Appropriations Act for the 1975-77 biennium authorized the Regents of East Texas State University to use bond proceeds, gifts or grants to acquire a commuter program center. See Acts 1975, 64th Leg., ch. 743, at 2768.  This kind of rider has been held to authorize university construction projects without the consent of the Coordinating Board. Jessen Associates, Inc. v. Bullock, 531 S.W.2d 593 (Tex. 1975).  However, we do not believe a rider to the 1975-77 Appropriations Act provides current authorization to purchase the building. Such riders merely direct the expenditure of appropriated funds since general legislation cannot be included in the appropriations act. Tex. Const. art. 3, S 35, Jessen Associates, Inc. v. Bullock, supra, at 601.  The appropriation act to which the rider belonged was effective for a two year period, ending August 31, 1977.  Tex. Const. art. 8, S 6; see Acts 1975, 64th Leg., ch. 743, at 2417.  The appropriation for the acquisition of a building is no longer in effect, and, in our opinion, the rider attached to it has no independent existence.  Of course, an appropriation for a capital improvement that has been legally encumbered by contract during the biennium may be spent after the end of the biennium.  Attorney General Opinion

M-13 (1967); WW-40 (1957). In that case, we believe the rider would remain in effect along with the appropriation item. You have not suggested that the Regents encumbered the 1975-77 appropriation by contracting to purchase the commuter program building. Therefore, we find no basis for concluding that the Regents have present authority to buy the building, either outright or by a lease-purchase agreement.

You next ask whether East Texas State University has legislative authority to offer courses for resident credit in the Dallas/Fort Worth area through its commuter program center. Section 100.11 of the Education Code permits the metroplex commuter program to offer only those programs approved by the Coordinating Board which are nonduplicative of programs offered in the Dallas educational area. The Regents may establish rules for the operation of the commuter program which apply only to that location. Educ. Code § 100.11. The Appropriation Act authorizes East Texas State to use appropriated funds to provide credit courses in the Dallas/Fort Worth metroplex under criteria established by the Coordinating Board. In our opinion, the Regents of East Texas State have authority to offer courses for resident credit in the commuter program center under appropriate Regents' rules, provided that the Coordinating Board approves the course offerings and that they do not duplicate other educational programs offered in the area. See also Educ. Code §§ 61.051(j), 61.054.

You finally ask whether your Board of Regents has authority to establish an East Texas State University System Administration. The Education Code defines "[u] niversity system" to mean

> the association of one or more public senior colleges or universities, medical or dental units, or other agencies of higher education under the policy direction of a single governing board.

Section 61.003(9). Although the Coordinating Board has authority under section 61.051(b) to define "university system," it apparently has not promulgated a different definition. East Texas State is a public senior university. Educ. Code § 61.003(3), (4). "Other agency of higher education" is defined to include any unit established to operate as a component part of a public senior college or university. Educ. Code, § 61.003(6). In our opinion, the Texarkana campus and the metroplex center constitute agencies of higher education within this definition. The association of the two campuses of East Texas State and its metroplex center under a single Board of Regents thus constitutes a university system for purposes of section 61.003(6). There is in our opinion legislative authority for the establishment of a system of administration at East Texas State, which constitutes preexisting law for an appropriation to fund a system administration. See Tex. Const. art. 3, § 44; Austin National Bank v. Sheppard, 71 S.W.2d 242 (Tex. 1934). However, there is

no appropriation for an East Texas State System Administration. The General Appropriation Act expressly funds the system administration for the University of Texas System, the Texas A & M University System, the University System of South Texas, the University of Houston System, and the Texas State University System. Acts 1977, 65th Leg., ch. 872, at 3028, 3044, 3058, 3064, 3083. No funds are earmarked for an East Texas State University System Administration. In view of the express appropriations for other systems, we believe that East Texas State must also have an express appropriation before it can use its funds for a system administration. Since it has no funds for that purpose, it lacks present authority to pay salaries of system administrators and other expenses incident to the establishment of a system administration. See Educ. Code § 51.006.

## SUMMARY

East Texas State University has no authority to buy a building for its commuter program center, either by purchase or lease-purchase. The University may offer courses for resident credit in its commuter center provided that the Coordinating Board approves the course offerings and that they do not duplicate other educational programs in the area. The Regents of East Texas have authority to establish a system administration, but have no appropriated funds to finance it.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn